United States District Court

Eastern District of Louisiana

Dierker

v.                                            CIVIL ACTION NO. 2:00-cv-00261
                                                                       R(4)
R J Reynolds Tobacco


The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

  (1) A list of all parties still remaining in this action;

  (2) Copies of all pleadings, including answers, filed by those parties in state court; and

  (3) Copies of the return on service of process on those parties filed in state court.

New Orleans, Louisiana, January 28, 2000.

                                              By Direction of the Court

                                              LORETTA G. WHYTE, CLERK

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JAN 27  A 10: 38

LORETTA G. WHYTE
CL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOANNE DIERKER, wife of/and FERDINAND M. DIERKER, CHRISTOPHER DIERKER AND SEAN DIERKER | * * * * | CIVIL ACTION |
| | * | NO. 00-0261 |
| Plaintiffs, | * * | SECTION "" ( ) |
| VERSUS | * * | JUDGE   SECT. R MAG. 4 |
| | * | MAGISTRATE |
| R.J. REYNOLDS TOBACCO COMPANY, RJR NABISCO, INC., BROWN & WILLIAMSON TOBACCO CORPORATION, BATUS, INC., BATUS HOLDINGS INC., PHILIP MORRIS INCORPORATED, PHILIP MORRIS COMPANIES, INC., THE COUNCIL FOR TOBACCO RESEARCH – USA, INC., THE TOBACCO INSTITUTE, INC., BRITISH AMERICAN TOBACCO INDUSTRIES, PLC., QUAGLINO TOBACCO AND CANDY COMPANY, INC., IMPERIAL TRADING COMPANY, INC., GEORGE W. GROETSCH, INC., and SCHWEGMANN GIANT SUPER MARKETS, INC. | * * * * * * * * * * * * * * * * | |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL

TO:   The Honorable Judges of The
       United States District Court
       Eastern District of Louisiana

Fee
Process
X Dktd
CtRmDep
Doc.No.

Petitioners, R.J. Reynolds Tobacco Company ("Reynolds"), Brown & Williamson Tobacco Corporation, for itself and for the entity formerly known as The American Tobacco Company, to which it is successor by merger ("Brown & Williamson"), BATUS, Inc., BATUS Holdings Inc., Philip Morris Incorporated, Philip Morris Companies Inc., and The Tobacco Institute, Inc., through their respective undersigned counsel, and with full reservation of any and all defenses and objections, including but not limited to insufficiency of process, insufficiency of service of process, lack of personal jurisdiction and improper venue, respectfully represent:

## Plaintiffs' State Court Allegations

**1.**

On or about January 4, 2000, plaintiffs Joanne Dierker, Ferdinand M. Dierker, Christopher Dierker and Sean Dierker (collectively, "plaintiffs") filed their original Petition for Damages (the "Complaint") in the Thirty-Fourth Judicial District Court, Parish of St. Bernard, State of Louisiana, Proceeding No. 89-476, Division "B". A copy of the Complaint is attached as Exhibit "A".

**2.**

The Complaint names as defendants R.J. Reynolds Tobacco Company, RJR Nabisco, Inc. (now known as R.J. Reynolds Tobacco Holdings, Inc.), Brown & Williamson Tobacco Corporation, BATUS, Inc., BATUS Holdings Inc., Philip Morris Incorporated (incorrectly referred to as Philip Morris, Inc.), Philip Morris Companies Inc., The Council for Tobacco Research – U.S.A., Inc. (incorrectly referred to as The Counsel for Tobacco Research – U.S.A., Inc."), The

Tobacco Institute, Inc., British American Tobacco Industries, PLC (sic)[1], Quaglino Tobacco and Candy Company, Inc., Imperial Trading Company, Inc., George W. Groetsch, Inc., and Schwegmann Giant Super Markets, Inc. Complaint, ¶ 7.

**3.**

The Complaint was received for the first time by any defendant on or about January 10, 2000, when R.J. Reynolds Tobacco Company received process and a copy of the Complaint. Thereafter, the following received process and a copy of the Complaint: George W. Groetsch, Inc. and Brown & Williamson (as successor by merger to The American Tobacco Company) (on or about January 11, 2000); Imperial Trading Company, Inc. and Quaglino Tobacco and Candy Company, Inc. (on or about January 12, 2000); United States Tobacco Company and UST Inc. (on or about January 17, 2000); Brown & Williamson, BATUS, Inc., BATUS Holdings Inc., and Philip Morris Companies Inc. (on or about January 18, 2000); The Tobacco Institute, Inc. (on or about January 20, 2000).[2] On information and belief, no others have received service of process. Petitioners hereby reserve any and all rights to assert defenses to plaintiffs' Complaint, including but not limited to insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, and improper venue.

---

[1] British American Tobacco Industries, PLC (sic) has not been served. However, it is alleged by plaintiffs to be a British corporation with its principal place of business in London, England and, therefore, is diverse.

[2] Although they are not named as defendants in the Complaint, on or about January 11, 2000, the following entities received process and a copy of the Complaint: Lorillard Tobacco Company (incorrectly named as Lorillard Tobacco Company, Inc.), Lorillard, Inc., and Fortune Brands, Inc. (formerly known as American Brands, Inc.).

511131/1

**4.**

Other than the filing of the Complaint, issuance of Citation, and service on defendants, no proceedings have been had in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana, as of the date of the filing of this removal.

### Removal On Diversity Grounds

**5.**

This civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332, and is one which may be removed to this Court by defendants under the provisions of 28 U.S.C. § 1441(b) in that it is a civil action in which plaintiffs' claims involve an amount in controversy exceeding $75,000, exclusive of interest and costs, and is between citizens of different states.

**6.**

Plaintiffs allege that they are residents of the State of Louisiana, domiciled in the Parish of St. Bernard. Complaint, ¶ 6.

**7.**

Defendant R.J. Reynolds Tobacco Company was at the time of filing of plaintiffs' Complaint and is now a New Jersey corporation with its principal place of business in the State of North Carolina.

**8.**

Defendant R.J. Reynolds Tobacco Holdings, Inc. (formerly known and sued herein as RJR Nabisco, Inc.) was at the time of filing of plaintiffs' Complaint and is now a Delaware corporation with its principal place of business in the State of North Carolina.

**9.**

Defendant Brown & Williamson Tobacco Corporation, individually and as successor by merger to The American Tobacco Company, was at the time of filing of plaintiffs' Complaint and is now a Delaware corporation with its principal place of business in the State of Kentucky.

**10.**

Defendant BATUS, Inc. was at the time of filing of plaintiffs' Complaint and is now a Wisconsin corporation with its principal place of business in the State of Kentucky.

**11.**

Defendant BATUS Holdings Inc. was at the time of filing of plaintiffs' Complaint and is now a joint nationality holding company that is incorporated in the State of Delaware with its principal office and place of business in the United States in Louisville, Kentucky, and its principal office and place of business in the United Kingdom in London, England.

**12.**

Defendant Philip Morris Incorporated was at the time of filing of plaintiffs' Complaint and is now a Virginia corporation with its principal place of business in the State of New York.

**13.**

Defendant Philip Morris Companies Inc. was at the time of filing of plaintiffs' Complaint and is now a Virginia corporation with its principal place of business in the State of New York.

**14.**

Defendant The Council for Tobacco Research – U.S.A., Inc. was incorporated as a not-for-profit corporation in 1971 under the not-for-profit corporation law of the State of New York. On November 6, 1998, The Council for Tobacco Research – U.S.A., Inc. was dissolved pursuant to its Plan of Corporate Dissolution of Assets which was approved by the Supreme Court of New York on October 21, 1998. Under the Plan of Dissolution, The Council for Tobacco Research – U.S.A., Inc. will continue to conduct its defense of pending and future filed lawsuits.

**15.**

Defendant The Tobacco Institute, Inc. is incorporated in New York and maintains an office in Washington, D.C. From 1958 until early 1999, The Tobacco Institute, Inc. functioned as a not-for-profit trade association for the tobacco industry. Pursuant to the recent settlement agreement between various state attorneys general and the major United States cigarette manufacturers, The Tobacco Institute, Inc. has now ceased operations and is in the process of being dissolved in accordance with the laws of the State of New York.

**16.**

Fortune Brands, Inc. (formerly known as American Brands, Inc.), which is not named as a defendant in the Complaint, but which received process and a copy of the Complaint, was at the time of filing of plaintiffs' Complaint and is now a Delaware Corporation with its principal place of business in the State of Connecticut.

**17.**

Lorillard Tobacco Company, which is not named as a defendant in the Complaint, but which received process and a copy of the Complaint, was at the time of filing of plaintiffs' Complaint and is now a Delaware Corporation with its principal place of business in the State of North Carolina.

**18.**

Lorillard, Inc., which is not named as a defendant in the Complaint, but which received process and a copy of the Complaint, was at the time of filing of plaintiffs' Complaint and is now a Delaware Corporation with its principal place of business in the State of Delaware.

**19.**

United States Tobacco Company was at the time of filing of plaintiffs' Complaint and is now a Delaware Corporation with its principal place of business in the State of Connecticut.

**20.**

UST Inc. was at the time of filing of plaintiffs' Complaint and is now a Delaware Corporation with its principal place of business in the State of Connecticut.

**21.**

Plaintiffs' Complaint also names as defendants Quaglino Tobacco and Candy Company, Inc. ("Quaglino"), Imperial Trading Company, Inc. ("Imperial"), George W. Groetsch, Inc. ("Groetsch"), and Schwegmann Giant Super Markets, Inc. ("Schwegmann"), all of which are

Louisiana corporations. The citizenship of Quaglino, Imperial, Groetsch and Schwegmann, however, should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1441(b) as they are not proper parties to this action. Specifically, Quaglino, Imperial, Groetsch and Schwegmann have been fraudulently joined as defendants solely for the purpose of defeating diversity jurisdiction herein.

### 22.

Quaglino, Imperial, Groetsch and Schwegmann do not manufacture cigarettes. Rather, Quaglino, Imperial, Groetsch and Schwegmann sold cigarettes in their original sealed containers. They do not have any greater knowledge of the composition or properties of cigarettes than the consuming public. There is no possibility that plaintiffs will be able to establish liability against them because Louisiana law forbids the imposition of tort liability on distributors or retailers, such as Quaglino, Imperial, Groetsch and Schwegmann, which do not manufacture, design, or alter packaged goods before sale. *See Ard v. Kraft, Inc.*, 540 So. 2d 1172, 1177 (La. App. 1st Cir.), *writ denied*, 542 So. 2d 515 (La. 1989). *See also Chappius v. Sears Roebuck & Co.*, 358 So. 2d 926, 930 (La. 1978), *reh'g denied*, 366 So. 2d 526 (a distributor or retailer of packaged goods is not held to the same duty as that imposed upon the manufacturer of the product in the absence of the distributor or retailer holding itself out as the product manufacturer or one able to control the quality of the product).

### 23.

Additionally, the United States Court of Appeals for the Fifth Circuit has held that Louisiana law mandates that a tobacco manufacturer owes "no duty to warn of the dangers of its products. *Hutchin v. American Tobacco Co.*, No. 96-31154, 116 F.3d 477 (Table) (5th Cir. Apr.

18, 1997), slip op. p. 2. This holding follows the Fifth Circuit's finding that the "health risks of smoking have long been common knowledge." *Id., see also Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168 (5th Cir.), *cert. denied*, 117 S. Ct. 300 (1996).

24.

Moreover, on April 16, 1997, the Civil District Court for the Parish of Orleans granted judgment in favor of Quaglino, Imperial, Groetsch (and another local distributor and retailer) on an exception of no cause of action in *Scott v. American Tobacco Co.*, No. 96-8461 (Civ. Dist. Ct., Orleans Parish) (Exhibit "B"), dismissing all claims against them. Thus, the state court determined, as a matter of law, that plaintiffs had no possibility of recovery against Quaglino, Imperial and Groetsch.

25.

Similarly, plaintiffs have no possibility of recovery against Quaglino, Imperial, Groetsch and Schwegmann under any of the allegations contained in their Complaint in this case. Plaintiffs cannot allege any facts to establish liability on the part of Quaglino, Imperial, Groetsch and Schwegmann. Plaintiffs' joinder of these defendants therefore is improper and fraudulent. Their citizenship should be disregarded for the purposes of this Court's diversity jurisdiction under 28 U.S.C. § 1332 and this Court's removal jurisdiction under 28 U.S.C. § 1441(b).

26.

Based on the foregoing, there is complete diversity of citizenship between plaintiffs and all properly joined defendants.

**27.**

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of first receipt by any defendant of plaintiffs' original state court pleading.

### The Amount In Controversy

**28.**

Although plaintiffs plead no specific amount of damages, in conformity with Louisiana Code of Civil Procedure article 893, clearly the amount in controversy in this alleged smoking and health action exceeds the sum or value of $75,000, exclusive of interest and costs, as evidenced by plaintiffs seeking damages for lung cancer, addiction, physical and economic losses, emotional distress, equitable relief, punitive damages, return of the purchase price, medical expenses, physical pain and suffering, and loss of consortium. Complaint, ¶¶ 1, 138, 166, 170-173.

**29.**

In determining whether a complaint alleges damages sufficient to satisfy the jurisdictional prerequisites of 28 U.S.C. § 1332, the total value of all recoverable compensatory damages, punitive damages, and statutorily authorized damages, attorney fees, costs and fees are considered. *See, e.g., Tapscott v. M.S. Dealer Services Corp.,* 77 F. 3d 1353 (11th Cir. 1996); *In re Abbott Labs,* 51 F. 3d 524 (5th Cir.), *reh'g denied,* 65 F. 3d 33 (5th Cir. 1995); 14A Wright & Miller, *Federal Practice and Procedure* § 3725.

**30.**

Based on plaintiffs' stated claims, it is clear that the amount in controversy in plaintiffs' Complaint exceeds $75,000.00.

31.

Alternatively, this Court has supplemental jurisdiction over certain claims pursuant to 28 U.S.C. § 1367.

32.

All entities not appearing as petitioners herein, and which have received process and a copy of the Complaint, consent to this Notice of Removal. *See* Consents to Removal, attached as Exhibit "C".

33.

Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana.

34.

Petitioners reserve the right to amend or supplement this Notice of Removal.

35.

Petitioners reserve all rights, defenses, and objections, including, without limitation, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction and improper venue.

36.

Petitioners request trial by jury of all issues.

**WHEREFORE**, petitioners R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation, for itself and for the entity formerly known as The American Tobacco Company, to which its is successor by merger, BATUS, Inc., BATUS Holdings Inc.,

Philip Morris Incorporated, Philip Morris Companies Inc., and The Tobacco Institute, Inc. hereby remove the action now pending against them in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana, bearing Docket No. 89-476, Division "B," to this Honorable Court.

Respectfully submitted,

_____
Phillip A. Wittmann, 13625
Stephen H. Kupperman, 7890, T.A.
Dorothy H. Wimberly, 18509
STONE, PIGMAN, WALTHER,
  WITTMANN & HUTCHINSON, L.L.P.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200

Counsel for R.J. Reynolds Tobacco Company

_____
Carmelite M. Bertaut, 3054, T.A.
William F. Grace, 6199
Peter J. Rotolo III, 21848
CHAFFE, MCCALL, PHILLIPS,
  TOLER & SARPY, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 585-7000

Counsel for Brown & Williamson Tobacco Corporation, individually and as successor by merger to The American Tobacco Company, Inc., BATUS, Inc., and BATUS Holdings Inc.

_____
Charles F. Gay, Jr., 5990
Deborah B. Rouen, 2084, T.A.
Jeffrey E. Richardson, 23273
ADAMS AND REESE, L.L.P.
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234

Counsel for Philip Morris Incorporated and
Philip Morris Companies Inc.

_____
Alan H. Goodman, 6131
Thomas M. Benjamin
LEMLE & KELLEHER, L.L.P.
2100 Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130
Telephone: (504) 584-9419

Counsel for The Tobacco Institute, Inc.

- 13 -

511131/1