FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 FEB -9 P 4: 40

LORETTA G. WHYTE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOANNE DIERKER, wife of/and FERDINAND M. DIERKER, CHRISTOPHER DIERKER AND SEAN DIERKER | * * * * | CIVIL ACTION NO. 00-261 |
| | * | SECTION "G" (5) |
| Plaintiffs, | * * | JUDGE SEAR |
| VERSUS | * * | MAGISTRATE CHASEZ |
| R.J. REYNOLDS TOBACCO COMPANY, RJR NABISCO, INC., BROWN & WILLIAMSON TOBACCO CORPORATION, BATUS, INC., BATUS HOLDINGS INC., PHILIP MORRIS INCORPORATED, PHILIP MORRIS COMPANIES, INC., THE COUNCIL FOR TOBACCO RESEARCH – USA, INC., THE TOBACCO INSTITUTE, INC., BRITISH AMERICAN TOBACCO INDUSTRIES, PLC., QUAGLINO TOBACCO AND CANDY COMPANY, INC., IMPERIAL TRADING COMPANY, INC., GEORGE W. GROETSCH, INC., and SCHWEGMANN GIANT SUPER MARKETS, INC. | * * * * * * * * * * * * * * * * | |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**UNOPPOSED MOTION FOR EXTENSION OF TIME
WITHIN WHICH TO PLEAD ON BEHALF OF ALL DEFENDANTS**

Defendant R.J. Reynolds Tobacco Company ("Reynolds"), through undersigned counsel, respectfully represents:

FEB 14 2000

DATE OF ENTRY

**1.**

On or about January 4, 2000, plaintiffs Joanne Dierker, Ferdinand M. Dierker, Christopher Dierker and Sean Dierker filed their original Petition for Damages in the Thirty-Fourth Judicial District Court, Parish of St. Bernard, State of Louisiana, and requested service on defendants therein.

**2.**

Service has been made on Reynolds and, on information and belief, on some but not all defendants.[1]

**3.**

On January 27th, this matter was timely removed to the United States District Court for the Eastern District of Louisiana.

**4.**

Undersigned counsel for Reynolds has contacted counsel for plaintiffs and has been advised that plaintiffs may file a Motion to Remand this matter back to the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana.

**5.**

Plaintiffs' counsel has advised that plaintiffs have no objection to granting all defendants an extension of time within which to answer, move or otherwise respond to the petition until thirty (30) days after service of process, or the expiration of thirty (30) days after

---

[1] Reynolds seeks an extension on behalf of all defendants in order to avoid a multiplicity of motions for extension. Each defendant is represented by its own counsel and preserves its right to assert its independent interest as to any issue or matter, including with respect to any issues or matters relating to the above-captioned action. By authorizing Reynolds to seek this extension on their behalf, no defendant authorizes any other party to act on its behalf as to any matter or any issue relating to the above-captioned action. Each of the defendants reserves all rights, defenses and objections, including without limitation, all defenses and objections as to venue, personal jurisdiction, and service, and the filing of this motion is subject to, and without waiver of any such defenses and objections.

the final disposition of a Motion to Remand, or the expiration of thirty (30) days after the date of notification in writing by plaintiffs of no intention to file a Motion to Remand, whichever is later.

6.

The extension of time requested herein will not delay or retard the progress of this action.

**WHEREFORE,** considering no objection from plaintiffs, defendant R.J. Reynolds Tobacco Company prays that each defendant be granted an extension of time within which to answer, move or otherwise respond to the petition of plaintiffs until the expiration of thirty (30) days after service of process, or the expiration of thirty (30) days after the final disposition of a Motion to Remand, or the expiration of thirty (30) days after the date of notification in writing by plaintiffs of no intention to file a Motion to Remand, whichever is later.

Respectfully submitted,

_____
Phillip A. Wittmann, 13625
Stephen H. Kupperman, 7890, T.A.
Dorothy H. Wimberly, 18509
STONE, PIGMAN, WALTHER,
 WITTMANN & HUTCHINSON, L.L.P.
546 Carondelet Street
New Orleans, Louisiana 70130
(504) 581-3200

Mark A. Belasic
Dennis L. Murphy
Kevin D. Boyce
JONES, DAY, REAVIS & POGUE
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-3939

Attorneys for Defendant
R.J. Reynolds Tobacco Company

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing Unopposed Motion for Extension of Time Within Which to Plead on Behalf of All Defendants has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed, this 9th day of February, 2000.

_____

515084/1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOANNE DIERKER, wife of/and | * | CIVIL ACTION |
| FERDINAND M. DIERKER, | * | |
| CHRISTOPHER DIERKER AND SEAN | * | NO. 00-261 |
| DIERKER | * | |
| | * | SECTION "G" (5) |
| Plaintiffs, | * | |
| | * | JUDGE SEAR |
| VERSUS | * | |
| | * | MAGISTRATE CHASEZ |
| R.J. REYNOLDS TOBACCO COMPANY, | * | |
| RJR NABISCO, INC., BROWN & | * | |
| WILLIAMSON TOBACCO | * | |
| CORPORATION, BATUS, INC., BATUS | * | |
| HOLDINGS INC., PHILIP MORRIS | * | |
| INCORPORATED, PHILIP MORRIS | * | |
| COMPANIES, INC., THE COUNCIL FOR | * | |
| TOBACCO RESEARCH – USA, INC., THE | * | |
| TOBACCO INSTITUTE, INC., BRITISH | * | |
| AMERICAN TOBACCO INDUSTRIES, | * | |
| PLC., QUAGLINO TOBACCO AND | * | |
| CANDY COMPANY, INC., IMPERIAL | * | |
| TRADING COMPANY, INC., GEORGE W. | * | |
| GROETSCH, INC., and SCHWEGMANN | * | |
| GIANT SUPER MARKETS, INC. | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# **O R D E R**

Considering the foregoing Unopposed Motion for Extension of Time Within Which to Plead on Behalf of All Defendants,

515084/1

-2-

**IT IS ORDERED** that each defendant be granted an extension of time within which to answer, move or otherwise respond to the petition of plaintiffs until the expiration of thirty (30) days after service of process, or the expiration of thirty (30) days after the final disposition of a Motion to Remand, or the expiration of thirty (30) days after the date of notification in writing by plaintiffs of no intention to file a Motion to Remand, whichever is later.

NEW ORLEANS, LOUISIANA, this 11th day of February, 2000.

_____
UNITED STATES DISTRICT JUDGE