

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
SEP 29 2000
2000 SEP 29 PM 5:06
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOANNE DIERKER, WIFE OF/AND FERDINAND M. DIERKER, CHRISTOPHER DIERKER AND SEAN DIERKER | * * * * | CIVIL ACTION<br><br>NO. 00-261 |
| VS. | * * * | SECTION G(5)<br><br>JUDGE SEAR |
| R.J. REYNOLDS TOBACCO COMPANY, BROWN & WILLIAMSON TOBACCO CORPORATION, PHILIP MORRIS, INC., QUAGLINO TOBACCO AND CANDY COMPANY, INC., GEORGE W. GROETSCH INC. AND SCHWEGMANN GIANT SUPER MARKETS, INC. | * * * * * * * * | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### UNCONTESTED MOTION AND INCORPORATED MEMORANDUM FOR ADMINISTRATIVE TERMINATION AND/OR STAY OF ALL PROCEEDINGS

Defendants Philip Morris Incorporated, R.J. Reynolds Tobacco Company and Brown & Williamson Tobacco Corporation, with full reservation of any and all defenses and objections, including lack of personal jurisdiction, insufficiency of process and insufficiency of service of process, respectfully move this Court to administratively terminate this case and/or stay all proceedings in this matter, including plaintiffs' pending motion to remand for the following reasons:

DATE OF ENTRY

OCT - 6 2000

1.

Defendants removed this matter to this Court pursuant to 28 U.S.C. § 1441(b) on January 27, 2000

2.

Plaintiffs' petition names as defendants certain tobacco distributors/retailers that are Louisiana corporations and whose presence in this case destroys diversity pursuant to 28 U.S.C. § 1441(b). Defendants contend that the citizenship of these tobacco distributors/retailers should be disregarded on the basis that they have been fraudulently joined as defendants for the sole purpose of defeating diversity jurisdiction as plaintiffs have no possibility of recovery against them. (Notice of Removal ¶ 25).

3.

On February 22, 2000, plaintiffs moved to remand this matter disputing that the Louisiana defendants have been fraudulently joined. The plaintiffs' Motion to Remand was noticed for consideration on March 29, 2000. As of the date of filing this motion, no decision has been rendered.

4.

In *Badon v. R.J.R. Nabisco, Inc.*, No. CV98-0215 (W.D. La. 4/17/98), *appeal docketed*, No. 98-30942 (5th Cir. 8/28/98), the United States District Court for the Western District of Louisiana denied plaintiffs' motion to remand and ruled that tobacco distributors/retailers, in a smoking products liability case, had been fraudulently joined because there was no possibility of plaintiffs being able to establish against the distributors any cause of action. The ruling of Judge Trimble that "there are currently no facts in the case at bar pursuant to which the plaintiffs would be able to establish a cause of action against…[the distributors] based on redhibition, conspiracy, or breach of

warranty of reasonable fitness for intended use" was the subject of a Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(b) in the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit granted plaintiff's Permission to Appeal and, after briefing and oral argument, decided on August 16, 2000 to certify the issue to the Louisiana Supreme Court.

5.

As some of the causes of action against the Louisiana defendants (tobacco distributors/retailers) in *Badon* are similar to the allegations against the distributors/retailers in this proceeding, it is in the interest of judicial economy and efficiency for the Court and parties to await guidance from the Louisiana Supreme Court and the United States Fifth Circuit in *Badon*.

6.

Accordingly, defendants move the Court to administratively terminate this case and/or stay all action in this proceeding, including a decision on plaintiffs' motion to remand, until thirty (30) days after the United States Fifth Circuit Court of Appeals issues its mandate under the provisions of Federal Rules of Appellate Procedure Rule 41 in the case of *Badon v. R.J.R Nabisco, Inc.*, No. CV98-0215 (W.D. La. 4/17/98), *appeal docketed*, No. 98-30942 (5th Cir. 8/28/98).

7.

Other courts that have confronted substantially similar, if not identical, motions to remand have elected to withhold their decisions and administratively terminate or stay the case until the United States Fifth Circuit decides *Badon*. Most recently, Judge Beer administratively terminated and stayed all proceedings pending *Badon* in *Potts v. R.J. Reynolds Tobacco Company*, No. 00-1316 (E.D. La. July 31, 2000) (copy attached as

Exhibit "A"). See also *McDowell v. R.J. Reynolds Tobacco Company*, No. 00-0705 (W.D. La. Monroe Div. July 28, 2000) (stay and administrative termination) (copy attached as Exhibit "B"); *Newson v. R.J. Reynolds Tobacco Company*, No. 00-1333 (W.D. La. Lafayette/Opelousas Div. July 26, 2000) (stay) (copy attached as Exhibit "C"); *Scott v. R.J. Reynolds Tobacco Company*, No. 99-3091 (E.D. La. May 31, 2000) (administratively closed the case explaining that it was in the interest of judicial economy to do so until *Badon* is decided) (copy attached as Exhibit "D"); *Zeringue v. American Tobacco Company*, No. 98-2981-T-M5 (E.D. La. Nov. 4, 1998 and Feb. 23, 1999) (stay and administrative termination) (copy attached as Exhibit "E"); *Owens v. R. J. Reynolds Tobacco Company*, No. 00-0147 (E.D. La. March 27, 2000) (administrative termination) (copy attached as Exhibit "F"); *Engolio v. Philip Morris, Inc.*, No. 99-232 (M.D. La. May 13, 1999) (stay) (copy attached as Exhibit "G"); *Racca v. R.J. Reynolds Tobacco Company*, No. 98-1494 (W.D. La. Sept. 10, 1998) (stay) (copy attached as Exhibit "H").

8.

The non-moving defendants do not oppose an administrative termination and/or stay in this proceeding.

9.

Plaintiffs' counsel also have been contacted and they do not oppose an administrative termination and/or stay in this proceeding.

**WHEREFORE,** defendants, Philip Morris Incorporated, R.J. Reynolds Tobacco Company and Brown & Williamson Tobacco Corporation, pray that this case be administratively terminated and/or all action in this proceeding be stayed until thirty (30) days after the United States Fifth Circuit Court of Appeals issues its mandate under the provisions of Federal Rules of Appellate Procedure Rule 41 in the case of *Badon v.*

*R.J.R. Nabisco, Inc.*, No. CV98-0215 (W.D. La. 4/17/98), *appeal docketed*, No. 98-30942 (5th Cir. 8/28/98).

Respectfully submitted,

**ADAMS AND REESE, L.L.P.**

_____
CHARLES F. GAY, JR., T. A., (#5990)
DEBORAH B. ROUEN, (# 2084)
LARA E. WHITE, (# 23366)
4500 One Shell Square
New Orleans, LA 70139
(504) 585-0295
(504) 566-0210 – Fax
Attorneys for Philip Morris Incorporated

Phillip A. Wittmann, (#13625)
Stephen H. Kupperman, T.A., (#7890)
Dorothy H. Wimberly, (#18509)
**STONE, PIGMAN, WALTHER, WITTMANN & HUTCHINSON, L.L.P.**
546 Carondelet Street
New Orleans, LA 70130
Attorneys for R.J. Reynolds Tobacco Company

Carmelite M. Bertaut, (#3054)
William F. Grace, Jr., (#6199)
Peter J. Rotolo III, (#21848)
**CHAFFE, MCCALL, PHILLIPS, TOLER & SARPY, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Attorneys for Brown & Williamson Tobacco Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record by placing a copy of same in U.S. Mail, postage prepaid, and properly addressed, this 29th day of September, 2000.

_____
DEBORAH B. ROUEN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOANNE DIERKER, WIFE OF/AND<br>FERDINAND M. DIERKER,<br>CHRISTOPHER DIERKER AND<br>SEAN DIERKER<br><br>VS.<br><br><br>R.J. REYNOLDS TOBACCO COMPANY,<br>BROWN & WILLIAMSON TOBACCO<br>CORPORATION, PHILIP MORRIS, INC.,<br>QUAGLINO TOBACCO AND CANDY<br>COMPANY, INC., GEORGE W. GROETSCH<br>INC. AND SCHWEGMANN GIANT<br>SUPER MARKETS, INC. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION<br><br>NO. 00-261<br><br>SECTION G(5)<br><br>JUDGE SEAR<br><br>MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## RULE 7.9W CERTIFICATE

Counsel for non-moving defendants have no opposition to Defendants' Motion for Administrative Termination and/or Stay of all Proceedings. Pursuant to L.R.7.9W, on September 28, 2000, defense counsel advised counsel for plaintiffs, Perry Nicosia, that defendants intend to file said motion and asked plaintiffs to advised defendants of their position regarding same. Plaintiffs have indicated that they have no opposition to this motion.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOANNE DIERKER, WIFE OF/AND<br>FERDINAND M. DIERKER,<br>CHRISTOPHER DIERKER AND<br>SEAN DIERKER<br><br>VS.<br><br><br>R.J. REYNOLDS TOBACCO COMPANY,<br>BROWN & WILLIAMSON TOBACCO<br>CORPORATION, PHILIP MORRIS, INC.,<br>QUAGLINO TOBACCO AND CANDY<br>COMPANY, INC., GEORGE W. GROETSCH<br>INC. AND SCHWEGMANN GIANT<br>SUPER MARKETS, INC. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION<br><br>NO. 00-261<br><br>SECTION G(5)<br><br>JUDGE SEAR<br><br>MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Concerning the Uncontested Motion and Incorporated Memorandum For Administrative Termination and/or Stay of All Proceedings and Delays:

**IT IS HEREBY ORDERED** that this case be administratively terminated and all proceedings in this action be stayed until thirty (30) days after the United States Fifth Circuit Court of Appeals issues its mandate under the provisions of Federal Rules of Appellate Procedure Rule 41 in the case of *Badon v., R.J.R. Nabisco, Inc.*, No. CV98-0215 (W.D. La. 4/17/98), *appeal docketed*, No. 98-30942 (5th Cir. 8/28/98).

_____, LOUISIANA, this 3rd day of October, 2000.

_____
DISTRICT JUDGE