UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOANNE DIERKER, WIFE OF/AND FERDINAND M. DIERKER, CHRISTOPHER DIERKER AND SEAN DIERKER | * * * | CIVIL ACTION |
| VS. | * | NO. 00-261 |
| R.J. REYNOLDS TOBACCO COMPANY, BROWN & WILLIAMSON TOBACCO CORPORATION, PHILIP MORRIS, INC., QUAGLINO TOBACCO AND CANDY COMPANY, INC., GEORGE W. GROETSCH, INC. and SCHWEGMANN GIANT SUPER ` MARKETS, INC. | * * * * * | Section: K<br><br>Magistrate: 5 |

\* \* \* \* \* \* \* \*

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF
### MOTION TO REMAND AND OPPOSING LIMITED DISCOVERY

MAY IT PLEASE THE COURT:

Plaintiffs who for the following reasons move this Court to remand this case to state court. The defendants filed a motion for status conference and seek to conduct discovery in this case prior to remand. As discussed below, this matter should be immediately remanded. The Cigarette Defendants are now attempting to circumvent a proper remand in this case by employing delay tactics without the support of federal or state jurisprudence. The decision of the Fifth Circuit in <u>Badon v. R.J. Reynolds</u>, 236 F.3d 282 (5th Cir. 2000), mandates that this case, which involves in-state defendants be remanded to state court. (See <u>Badon</u> decision attached to this memorandum). Considering the issues previously briefed by the parties and the decision in

Badon it is urged by plaintiffs that this matter be remanded without a hearing so that no further delays are allowed. *Id.*

The United States Supreme Court has made it clear that, "To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of parties work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct.534 (1951).

The Badon case involved tobacco manufacturers and only two wholesale distributors neither of which was a retailer. 236 F.3d 282 (5th Cir. 2000). The Fifth Circuit in Badon states that the determinative issue is whether plaintiff "had no reasonable possibility of recovery on their articles 2550, 2524 and 2531 redhibition claim, and their article 2475 breach of warranty claim, against the Louisiana wholesalers." *Id.* The holding in Badon is clear and is binding authority on this court. The Fifth Circuit held that "there is arguably a reasonable basis for predicting that plaintiffs might establish redhibition or article 2475 liability against the Louisiana wholesalers under Louisiana Law..." Badon 236 F.3d at 286. The Fifth Circuit decision is attached and this matter should be immediately remanded to state court as this case will involve Louisiana wholesalers as in Badon, as well as retailers who were not a part of the Badon case. 236 F.3d 282 (5th Cir. 2000).

The case for remand is stronger in this case than in Badon. As discussed below plaintiffs also assert state law negligence claims for Louisiana distributors and retailers selling to plaintiff as a minor child.

2

## **FIFTH CIRCUIT IN BADON**
## **MANDATES REMOVAL WITHOUT FURTHER DISCOVERY**

Defendants removal is based on their alleging that the Louisiana based distributor and retailer defendants were fraudulently joined in order to defeat diversity jurisdiction. Defendants claim that this Court has original jurisdiction over this matter pursuant to 28 USC Section 1332 and that removal is proper under 28 USC Section 1441B.

The defendants argued in their opposition to plaintiff's Remand Motion that the decision in Badon, which was pending before the Fifth Circuit was of tremendous importance. The defendants' stated as follows in its opposition Motion, "Since those same issues also presented by plaintiffs' motion to remand here, this Court should wait for the Louisiana Supreme Court's response to the Badon question before resolving plaintiff's motion to remand." Further, defendants were so reliant on Badon it asked the courts throughout the state to issue stay orders on practically all tobacco proceedings in the state of Louisiana pending the Badon decision.

Shockingly, now that the Badon decision has arrived and proved to be unfavorable to the Cigarette Defendants, they have reversed their original position and are only now suggesting that the Badon decision was not necessary for the courts to maintain federal jurisdiction. The Cigarette Defendants positions are inapposite. In order to circumvent remand, the Cigarette Defendants are now making additional arguments seeking discovery before the court rules on plaintiffs' Motion To Remand.

The Badon decision is attached and the issues are clear that this lawsuit will include in-state defendants and must be in state court. Badon v. RJR Nabisco, 236 F.3d 282 (5th Cir. 2000). In Badon, plaintiffs did not even allege they purchased cigarettes from distributors because that

3

inquire was not necessary for a ruling on remand. The state law claims discussed in Badon dictate immediate remand because regardless of the information discovered the case will now involve non-diverse parties. Plaintiffs in Badon submitted no affidavits and relied solely on its pleadings to support remand. The Fifth Circuit noted that the determinative issue is a legal analysis not bearing on the any factual dispute. Id. at 285. In Badon, the court noted that the resolution of the remand issue depends on the answer to three legal questions as follows:

> **(1) whether the fact that smoking cigarettes has serious adverse health affects and is addictive constitutes a redhibitive defect in cigarettes or a defect warranted under article 2475; (2) whether it is judicially known that at the relevant time there was such common knowledge of the adverse affects of cigarette smoking as to preclude such redhibition and article 2475 claims; and (3) whether the lack of privity between the Louisiana wholesalers and Badon precludes her redhibition and article 2475 claims against those wholesalers who were not, and did not with respect to consumers occupy the position of, manufacturers of the cigarettes.**

Badon, 236 F.3d 282, 285 (5th Cir. 2000).

The Fifth Circuit held by mandate in Badon, with the exact same information (pleadings only) before it that the case has before this court that remand is appropriate as in-state distributors/wholesalers (whoever they are and only future discover will disclose them) are a part of the suit and the possibility of state law claims do exist to support remand. No additional information will do away with valid state laws claims made by plaintiffs under redhibition and breach of warranty. Preemption does not apply to redhibition and prescription issues (which apply to all defendants) do not dismiss the fact that plaintiff has a Louisiana cause of action against Louisiana defendants. Any and all issues to be resolved in this case should be done in state court as the federal court no longer has jurisdiction since the mandate in Badon.

The Cigarette Defendants knew in <u>Badon</u> that their only hope of defeating remand was to win the argument before the Fifth Circuit in <u>Badon</u> on redhibition.[1] They lost.

The redhibition issue was so critical to the jurisdiction issues in tobacco cases the Fifth Circuit certified this question to the Louisiana Supreme Court. The Louisiana Supreme Court refused to address the certification and the Fifth Circuit ruled that said cases should be remanded. The Fifth Circuit was well aware that its decision would dictate all future tobacco litigation. The tobacco companies and the Federal Courts were so convinced that <u>Badon</u> was critical that most federal cases in the State of Louisiana were stayed for several months pending the decision in <u>Badon</u>.[2] Plaintiff fought the stays initially as this case is distinguishable from <u>Badon</u> in that plaintiff was a minor when sold cigarettes. The selling of cigarettes to a minor child knowing of the addiction sets forth valid state causes of action against Louisiana defendants for their negligence in selling to minors an addictive product that causes fatal injuries. Therefore, the present case is ripe for remand on the negligence issues, as well as, the redhibition issues.

The defendants continue to fight against immediate remand despite the mandate issued in <u>Badon</u> which decision is binding authority to this court and which case is analogous to the present matter. Of particular importance was the mention by the Fifth Circuit that, "Neither plaintiffs' motion to remand nor their reply to defendants' opposition thereto was supported by any affidavit or other summary judgment type evidence." Id. at 284. Therefore, without the necessity of conducting discovery the Fifth Circuit was able to conclude the <u>Badon</u> case will involve Louisiana defendants who distributed the cigarettes to Louisiana retailers. There is no

---

[1] 236 F.3d 282 (5th Cir. 2000)

[2] *Id.*

way this case will not concern Louisiana defendants now that redhibition claims and breach of warranty claims exist. Some company in Louisiana had to distribute and sell cigarettes and plaintiff will proceed against them in state court.

## **PRESCRIPTION IS AN ISSUE FOR STATE COURT**

Finally, defendants attempt to convince the court that prescription is another issue which requires discovery. Federal Court is not a court of proper jurisdiction and therefore should not decide prescription between two non-diverse Louisiana parties. Under Louisiana Law when a thing is sold containing a redhibitory defect, the manufacturer and seller, including all sellers in the chain of sales are solidarily liable. Womack and Adcock v. 3M Business Products Sales, Inc., 316 So.2d 795 (La.App 1st Cir. 1975); Media Production Consultants Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (La. 1972). A redhibitory action prescribes in four years or one year from the day the defect was discovered by the buyer. C.C. Art. 2534. This discovery on the prescription issue will evolve during the entire discovery process and should be handled in state court as this matter involves non-diverse parties. A judgement of dismissal whether on prescription or otherwise by a federal court against a Louisiana defendant and Louisiana plaintiff is not enforceable as jurisdiction is improper. Trent Realty Associates v. First Federal Savings and Loan Assoc. of Phil., 657 F.2d 29 (3rd Cir. 1981). In Trent, the appellate court ordered the summary judgment be set aside for the lower court to determine the citizenship of the parties and that the case be remanded should the matter be found to have non-diverse parties. The holding supports the underlying theory that the federal courts should not expand its powers over matters involving non-diverse parties. Trent 657 F.2d. at 36.

## **LIMITED FEDERAL JURISDICTION**

When addressing the issue of whether the illogical tactics of the Cigarette Defendants will allow this case to stay in Federal Court any longer, the most significant and most cited case is arguably *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981). The Fifth Circuit in *B., Inc.*, discussed and set forth the test to be used by this Court in determining whether or not a removed case should be remanded. The Fifth Circuit stated that it is "axiomatic that the jurisdiction of the Federal Courts is limited, with its scope defined by the Constitution and by Statute." B., Inc. 663 F.2d at 548. citing American Fire and Casualty v. Finn, 341 U.S. 6, 71 Sup. Ct. 534, 95 L. Ed. 702 (1951).

The Fifth Circuit made it clear that a Federal Court should not proceed in the matter without first establishing that the dispute is within the province of controversies assigned to the Federal Court by the Constitution and by statute. Should the Federal Court proceed in a matter without first establishing its jurisdiction it poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect. *Id.* at 548. citing American Fire and Casualty v. Finn, supra.

The only way the Cigarette Defendants could have avoided remanded was for them to prove that there was no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in State Court. *Id.* citing Keating v. Shell Chemical Co., 610 F. 2d 328 (5th Cir. 1980). Since the Badon decision, this proof has become impossible.[3]

---

[3]Badon held that suits could be brought against distributors. 236 F.3d 282 (5th Cir. 2000). The Fifth Circuit made it clear that the lower court in deciding whether to remand a matter to the state court should assume all of the facts set forth by the plaintiff to be true and should resolve all uncertainties as to the State's substantive law against the defendant and should be able to establish that there is no possibility of a valid cause of action being set forth against the instate

## **DISCOVERY AS A DELAY TACTIC**

In a desperate attempt to circumvent remand, the Cigarette Defendants have proposed since Badon, that they now want to conduct discovery in Federal Court to determine if the plaintiff actually purchased cigarettes distributed by these Louisiana defendants.

Upon information and belief the Louisiana distributors included in this lawsuit are the largest distributors in the state. After discovery proceeds it may be shown that other Louisiana distributors actually distributed the cigarettes involved in this matter and they will be added to the suit. The defendants are aware and this court should recognize that any new wholesalers or distributors that come to the attention of the parties during discovery will be Louisiana

---

defendants. Only then, the Fifth Circuit states that a case should not be remanded. *Id.* citing Tedder v. F.N.C. Corporation, et al., 590 F.2d 115 (5th Cir. 1979). If there is even a possibility that a State Court would find a cause of action stated against anyone of the named in-state defendants on the facts alleged by the plaintiff, then the Federal Court must find that the in-state defendants on the facts alleged by the plaintiff, then the Federal Court must find that the instate defendants have been properly joined, that there is incomplete diversity, and that the case must be remanded to the State Courts. *Id.* citing Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962).

The Fifth Circuit has consistently recognized that "[t]he burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one". Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994), quoting B., Inc., 663 F.2d at 549. To prove fraudulent joinder, "the removing party must prove that there is <u>absolutely no possibility</u> that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiffs pleading of jurisdictional facts." Cavillini v. State Farm Mu. Auto Ins. Co., 44 F.3d 256, 259 (5th Cir. 1995), quoting Green v. Amereada Hess Corp., 707 F.2d 201, (5th Cir. 1983), *cert. denied*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Bd. 2d 1966(1984).

As stated in Cavallini, a court must "evaluate all of the factual allegations in the plaintiffs state court pleading in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff" and "then examine relevant state law and resolve all uncertainties in favor of the non-removing party." 44 F.3d at 259, quoting Green 707 F.2d at 206.

companies and the Defendants will still not be diverse. Additional discovery will not help establish fraudulent joinder. As new defendants are discovered they will be added and the removal of one or two distributor defendants will not support tobacco manufacturers request that remand be denied. The fact is, Louisiana defendants sold and distributed cigarettes which were consumed by plaintiff. The Fifth Circuit has spoken in Badon and this case should be remanded as any scenario hypothesized by the tobacco manufacturers still requires remand in the end.

## PREEMPTION TO CIRCUMVENT REMAND

In their desperate attempt to circumvent remand and delay these proceedings, the Cigarette Defendants have alleged a preemption argument which is not relevant to the specific issues before this court. In past briefings the defendants have cited for this Court Cippillone v. Liggett Group Inc., 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). Defendants cite Cippillone in support of their position that the Louisiana distributors and retailers cannot be sued for their failure to warn or conceal or for their concealment of the risks associated with tobacco use.

An important factor for this court to be aware of is that the Federal Cigarette Labeling and Advertising Act was passed in 1966 and that Act required the following text on all packages of cigarettes:

> CAUTION, CIGARETTE SMOKING MAY BE HAZARDOUS TO YOUR HEALTH.

Because the 1966 Federal Cigarette Labeling and Advertising Act did not contain a preemptive provision, common law attacks on the adequacy of the warning is permissible. However, in 1969, federal law changed and required a substitute warning which stated as follows:

WARNING, THE SURGEON GENERAL HAS DETERMINED THAT
CIGARETTE SMOKING IS DANGEROUS TO YOUR HEALTH.

The 1969 Federal Law that changed the warning preempted state law claims on the adequacy of the warning labels. It is important for this court to be aware that while no state law claims can be made regarding the adequacy of the warning labels, the preemption does not apply to any product defect claims, express warranty claims, misrepresentation claims, fraud claims, conspiracy, and most importantly redhibition claims. These claims were never preempted by the Cippillone decision and plaintiff cites the following excerpt from Cippillone:

> Thus, insofar as claims under either failure to warn theory require a showing that respondents post 1969 advertising and promotions should have included additional, or more clearly stated, warnings, that those are preempted. The Act does not, however, preempt petitioner's claims that rely solely on respondent's testing or research practices or other actions unrelated to advertising or promotions.

Cippilone v. LiggettGroup Inc., 112 S.Ct. at 2621-2622.

This court should be made aware of the fact that all pre-1970 claims are valid and can be asserted against the Louisiana Distributors, the Louisiana Retailers, and all tobacco manufacturers. This is a legal issue which does not require discovery. Preemption was an argument made in Badon and the mandate was that the case should be remanded.

## CONCLUSION

In summary, plaintiff was a minor when she purchased cigarettes from Louisiana distributors and retailers. The Louisiana distributors and retailers had a duty not to sell a known dangerous and addictive drug to a minor child. They are liable for such acts of negligence. Furthermore, the Fifth Circuit in Badon 236 F.3d at 286 concluded that, "there is arguably a reasonable basis for predicting that plaintiffs might establish redhibition or article 2475 liability

against the Louisiana wholesalers under Louisiana law..."

The Cigarette Defendants are desperately attempting to circumvent a proper remand by demanding irrelevant requests for discovery which can provide no assistance to the remand issue. Plaintiffs respectfully move this Honorable Court to remand this case to state court.

DATED THIS 11th day of April, 2001.

Respectfully submitted,

MURRAY LAW FIRM
STEPHEN B. MURRAY (9858)
PERRY M. NICOSIA (21777)
DAVID T. SMITH (26721)
909 Poydras Street
Suite 2550
New Orleans, LA 70112
Telephone: (504) 525-8100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Support of Plaintiffs' Motion to Remand has been served upon all counsel of record by U. S. mail this 11th day of April, 2001.

PERRY M. NICOSIA

11

236 F.3d 282
(Cite as: 236 F.3d 282)

Page 2

United States Court of Appeals,
Fifth Circuit.

Carrie BADON; Ray Badon; Russell Badon; Joe
Mae Badon-Roberson; Scotty
Joseph Badon, Plaintiffs-Appellants,
v.
R J R NABISCO INC.; Liggett & Meyers Tobacco
Co.; American Brands Inc.;
Philip Morris Companies Inc.; B A T Industries,
Ltd.; Pelican Cigar Co.;
Malone & Hyde Inc.; Schlesinger Wholesalers &
Automotive Cigarette Service
Inc.; Philip Morris Inc.; R J Reynolds Tobacco
Co.; Brown & Williamson
Tobacco Co.; Batus Holdings Inc.; American
Tobacco Co.; Liggett Group Inc.;
Brooke Group Limited; Hill & Knowlton Inc.;
Tobacco Industry Research
Committee; Council For Tobacco Research USA
Inc.; Tobacco Institute Inc.;
Fortune Brands Inc.; Liggett & Myers Inc.,
Defendants-Appellees.

No. 98-30942.

Dec. 21, 2000.

Louisiana citizens brought suit against nonresident cigarette manufacturers and in-state cigarette distributors. Following removal, the United States District Court for the Western District of Louisiana, James T. Trimble, Jr., J., denied plaintiffs' motion to remand. Plaintiffs were granted leave to appeal. The Court of Appeals, 224 F.3d 382, certified question to the Louisiana Supreme Court. That Court declined the certificate. The Court of Appeals, Garwood, Circuit Judge, held that wholesalers were not fraudulently joined.

Remanded.

West Headnotes

[1] Removal of Cases ⚖=36
334k36 Most Cited Cases

There must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude finding of fraudulent joinder; mere theoretical possibility of recovery under local law, no matter how remote or fanciful, does not suffice to preclude removal.

[2] Federal Courts ⚖=303
170Bk303 Most Cited Cases

In-state cigarette wholesalers were not fraudulently joined in suit against nonresident cigarette manufacturers to defeat diversity; there was arguably a reasonable basis for predicting that plaintiffs might establish redhibition or breach of warranty claims against wholesalers under Louisiana law. LSA-C.C. arts. 2475, 2520, 2524, 2531.

*283 Kenneth E. Badon (argued), Drew A. Ranier, Badon & Rainer, Lake Charles, LA, for Plaintiffs-Appellants.

James R. Nieset, Plauche, Smith & Nieset, Lake Charles, LA, Theodore Martin Grossman, Mark A. Belasic, Dennis Leo Murphy, Jones, Day, Reavis & Pogue, Cleveland, OH, for RJR Nabisco Inc. and RJ Reynolds Tobacco Co.

Patrick A. Juneau, Jr., Barry Louis Domigue, The Juneau Firm, Lafayette, LA, Deborah B. Rouen, Robert N. Markle, Jeffrey Edward Richardson, Scott Edward Delacroix, Charles F. Gay, Jr. (argued), Adams & Reese, New Orleans, LA, for Philip Morris Companies, Inc. and Philip Morris Inc.

Lloyd N. Shields, Daniel Lund, III, Shields, Mott & Lund, New Orleans, LA, for BAT Industries, Ltd.

John E. McElligott, Jr., Davidson, Meaux, Sonnier, McElligott & Swift, Lafayette, LA, for Pelican Cigar Co., Malone & Hyde, Inc. and Schlesinger Wholesalers & Automotive Cigarette Serv., Inc.

Carmelite M. Bertaut, William F. Grace, Jr., Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, William L. Durham, II, King & Spaulding, Atlanta, GA, for Brown & Williamson Tobacco Corp., Batus Holdings, Inc., American Tobacco Co. and Fortune Brands, Inc.

Ellen Beth Malow, Kasowitz, Benson, Torres & Friedman, Houston, TX, Madeleine M. Fischer, Jones, Walker, Waechter, Poitevent, Carrier & Denegre, New Orleans, LA, for Liggett Group, Inc., Brooke Group Ltd. and Liggett & Myers, Inc.

David H. Nelson, Theus, Grisham, Davis & Leigh, Monroe, LA, for Council for Tobacco Research USA, Inc.

Alan H. Goodman, Thomas Mente Benjamin, Lemle & Kelleher, New Orleans, LA, for The Tobacco

236 F.3d 282                                                                                                         Page 3
(Cite as: 236 F.3d 282, *283)

Institute, Inc.

Appeal from the United States District Court for the Western District of Louisiana.

Before KING, Chief Judge, and GARWOOD and STEWART, Circuit Judges.

GARWOOD, Circuit Judge:

In this interlocutory appeal under 28 U.S.C. § 1292(b), plaintiffs-appellants, Carrie Badon and certain of her relatives, challenge the district court's order overruling their motion to remand this removed suit to the Louisiana court in which it was filed. The relevant facts, procedural history and contentions of the parties are set out in our August 16, 2000, opinion herein, *Badon v. RJR Nabisco Inc.*, 224 F.3d 382 (5th Cir.2000), issued in connection with our certification of the controlling issue of law to the Supreme Court of Louisiana. By order issued November 27, 2000, the Louisiana Supreme Court declined to accept the certification (Chief Justice Calagero and Justice Lemmon would grant certification).

As noted in our prior opinion, the instant suit, originally filed in a Louisiana court in May 1994, is on account of personal injury to Carrie Badon, who allegedly incurred throat cancer, diagnosed in 1993, as a result of having smoked cigarettes manufactured and/or sold by defendants. The suit alleges that Badon smoked cigarettes for approximately forty years and "became addicted to them." There are numerous named defendants, principally cigarette manufacturers and their parents and affiliates. Plaintiffs are all Louisiana citizens, and it is conceded that the amount is controversy exceeds $75,000.00 and that all defendants are diverse save only two Louisiana corporations which are cigarette wholesalers. No retailers were sued. Defendants removed theaction on grounds of diversity of citizenship, contending that the Louisiana wholesaler defendants were fraudulently joined. Plaintiffs filed an unverified motion to remand contending that the case was not timely removed, and that the joinder of the Louisiana wholesalers was not fraudulent because they had alleged *284 valid causes of action against the Louisiana wholesalers on the basis of redhibition under La. Civ.Code arts. 2520, 2524 and 2531, breach of warranty under La. Civ.Code art. 2475, and conspiracy under La. Civ.Code art. 2324 (characterized by plaintiffs as "an agreement between all defendants to manipulate nicotine in cigarettes with the intent to addict Carrie Badon"). In reference to the redhibition and article 2475 breach of warranty claims, it was not alleged that Badon purchased cigarettes from either of the wholesalers, but rather that she purchased them from retailers who had acquired them from the wholesalers. Defendants filed their opposition to motions to remand, supported, *inter alia*, by affidavits of officers of the Louisiana wholesalers denying the allegations of conspiracy and averring, among other things, that they sold the cigarettes unaltered in the original labeled and sealed packages in which they received them from the manufacturers, had nothing to do with their design, manufacture, content, packaging or labeling, and had no specialized or superior knowledge not available to the general public, and made no representations to the public or any plaintiff, concerning nicotine levels in cigarettes, or nicotine addiction or health risks associated with smoking. Plaintiffs filed an unverified reply to defendants' opposition to the motion to remand, contending only that the removal was untimely and that recovery against the Louisiana wholesalers on the basis of redhibition or breach of warranty was possible even though there was no privity between them and plaintiffs. Neither plaintiffs' motion to remand nor their reply to defendants' opposition thereto was supported by any affidavit or other summary judgment type evidence. [FN1]

> FN1. The sole exception to this is that the motion to remand was supported by the affidavit of plaintiffs' attorney which merely attempted to explain why citation had initially been long withheld on the complaint.

The district court denied the motion to remand, ruling that the removal was timely and that the Louisiana wholesalers were fraudulently joined. The court noted that the only bases of recovery asserted against the Louisiana wholesalers were redhibition, breach of warranty of fitness, and conspiracy. As to conspiracy, the court held that, on the basis of the defendants' affidavits and "in light of plaintiffs' lack of evidence," there was no reasonable possibility of recovery against the Louisiana wholesalers. The court likewise reached the same ultimate conclusion as to the redhibition and breach of warranty claims, holding that the asserted defects in the cigarettes was not redhibitory or within article 2475, that La. Civ.Code art. 2521 barred recovery because the dangers of smoking should have been discovered by a reasonably prudent buyer, and that the Louisiana wholesalers did not have a relationship to the consumer and the manufacturers which was analogous to that of the

236 F.3d 282
(Cite as: 236 F.3d 282, *284)

Page 4

distributor defendant in *Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc.*, 262 La. 80, 262 So.2d 377 (1972).

Plaintiffs did not seek reconsideration, but moved the district court to certify its ruling denying the motion to remand for interlocutory appeal under 28 U.S.C. § 1292(b). The district court did so, and we granted leave to appeal.

In our prior opinion, we affirmed the district court's rulings that the removal was timely and that the conspiracy claim against the Louisiana wholesalers was fraudulently joined because there was no reasonable possibility of recovery thereon. *Badon*, 224 F.3d at 388-94. We reaffirm those holdings.

That left as the sole and determinative issue on appeal whether it was demonstrated that plaintiffs had no reasonable possibility of recovery on their articles 2520, 2524 and 2531 redhibition claim, and their article 2475 breach of warranty claim, against the Louisiana wholesalers. [FN2] *285 We held that resolution of this issue depended on answers to one or more of the following three questions of Louisiana law as to which it appeared to us that there are no clear controlling precedents in the decisions of the Louisiana Supreme Court, namely: (1) whether the fact that smoking cigarettes has serious adverse health affects and is addictive constitutes a redhibitive defect in the cigarettes or a defect warranted against under article 2475; (2) whether it is judicially known that at the relevant time there was such common knowledge of the adverse affects of cigarette smoking as to preclude such redhibition and article 2475 claims; and (3) whether the lack of privity between the Louisiana wholesalers and Badon precludes her redhibition and article 2475 claims against those wholesalers who were not, and did not with respect to consumers occupy the position of, manufacturers of the cigarettes. [FN3] We accordingly certified the following question of Louisiana law to the Supreme Court of Louisiana:

> FN2. As we observed, *Badon*, 224 F.3d at 394 n. 18, plaintiffs have consistently made it clear that, apart from their conspiracy claim, they did not and do not seek to impose liability on the Louisiana wholesalers on the basis of tort or products liability.

> FN3. We held that under the undisputed summary judgment type evidence there was no reasonable possibility of plaintiffs being able to recover in redhibition or under article 2475 on the basis that

the Louisiana wholesalers occupied, vis-a-vis the consumer, the position of manufacturer in the same (or an analogous) sense as did the defendant distributor in *Media Production Consultants, Inc.* We reaffirm that holding.

"Does a consumer of cigarettes, who, without actual knowledge of their addictiveness or of all their health risks, purchased them at retail and smoked them from about age sixteen in 1953 until 1993, and, as a result, became addicted to them, suffered cancer diagnosed in 1993, and filed suit within a year thereafter, state with respect to such purchases a claim for either redhibition or for breach of warranty under article 2475, on the basis of the fact that smoking cigarettes is addictive and seriously harmful to health, as against the wholesale distributors of those cigarettes with whom the consumer was not in privity and who did not manufacture, or occupy as to the consumer the position of manufacturer of, the cigarettes, or hold themselves out as such, who sold the cigarettes only in the unaltered original sealed and labeled containers received from the manufacturers, who made no representations respecting whether smoking presented health risks or was addictive, and who neither had nor claimed any greater knowledge concerning the asserted defects in the cigarettes than that available to members of the general public through the public media?"

As noted, the Louisiana Supreme Court declined the certification.

[1] Since the Louisiana Supreme Court declined the certificate, the certified question is, in a sense, back before us. However, it is important to note the context in which it is presented to us, namely the context of a claim of fraudulent joinder as it bears on removal jurisdiction. In that context, as we explained in *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172 (5th Cir.1968), we approach the matter somewhat differently than we would in other contexts, where we simply make the best determination that we can as to how the state courts would ultimately resolve the issue. In *Bobby Jones Garden Apartments, Inc.*, we observed:
> "Unlike the parties who joust for victory on who wins or loses our sole concern is: Who tries this case. State or Federal Court? For to us we cannot escape the problem of removability." *Id.*, 391 F.2d at 175 ...
> "This is an *Erie* problem in part, but only part. In the usual diversity situation a Federal Court, no

236 F.3d 282  
(Cite as: 236 F.3d 282, *285)

Page 5

matter how difficult the task, must ascertain (and then apply) what the state law is. [citations omitted] But here the question is *286 whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved....

Thus we get to the question: Is there a reasonably good chance that Florida today will hold the Agent to some liability?" Id., 391 F.2d at 176-77.

See also Parks v. New York Times Company, 308 F.2d 474, 479 (5th Cir.1962) ("whether there was a reasonable basis in law and fact" for the claim); Tedder v. F.M.C. Corporation, 590 F.2d 115, 117 (5th Cir.1979) ("If there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent ..."; removal proper because "there is no such reasonable basis for predicting that the [plaintiff] could prevail under Louisiana law as it stands today"); Jernigan v. Ashland Oil Inc., 989 F.2d 812, 816 (5th Cir.1993) ("If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved', then there is no fraudulent joinder"); Burden v. General Dynamics Corp., 60 F.3d 213, 217 (5th Cir.1995) ("whether, 'as a matter of law, there [is] no reasonable basis for predicting that plaintiff might establish liability against a named in-state defendant in state court' "); Fields v. Pool Offshore, Inc., 182 F.3d 353, 357 (5th Cir.1999) (claim as to defendant is fraudulent, so as not to prevent removal, where court "determines, after resolving 'all disputed questions of fact and any ambiguities in the current controlling substantive law in plaintiff's favor' that there is 'no reasonable basis for predicting that the plaintiff might establish liability' " against that defendant). [FN4]

> FN4. Plaintiffs appear to argue that *any mere theoretical possibility* of recovery under local law- no matter how remote or fanciful-suffices to preclude removal. We reject this contention. As the cited authorities reflect, there must at least be arguably a *reasonable* basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder.

[2] If the Louisiana Supreme Court had accepted the certificate and answered the certified question in the negative, we would, of course, know that there is not arguably any reasonable basis for predicting that plaintiffs might establish liability against the in-state defendants on the redhibition and article 2475 claims. [FN5] However, the Louisiana Supreme Court declined the certificate. We are thus thrown back on our own resources. Our prior opinion reviews and analyzes the Louisiana authorities on these issues. Badon, 224 F.3d at 394-400. No good purpose would be served by repeating that exercise. We conclude that there is arguably a reasonable basis for predicting that plaintiffs might establish redhibition or article 2475 liability against the Louisiana wholesalers under Louisiana law as it stands today-i.e., that there is arguably a reasonable basis for predicting that under Louisiana law as it stands today the answer to the certified question is "yes." Lest we be misunderstood, we stress that we are *not* predicting that the Louisiana Supreme Court would or even probably would actually so hold or that in our opinion Louisiana law *does* indeed afford plaintiffs a redhibition or article 2475 claim against the wholesalers in these circumstances. As the cited passages of our prior opinion reflect, Louisiana law on these points is simply not reasonably clear. We may well tend to believe that the probabilities ultimately favor Louisiana *denying* redhibition or article 2475 recovery against the wholesalers in these circumstances. That might well be our best *Erie* guess. But that is not the issue before us in this fraudulent joinder removal case. What we do hold is that there is at least an arguably reasonable basis for predicting that Louisiana *287 would allow redhibition or article 2475 recovery against the wholesalers.

> FN5. Conversely, if the Louisiana Supreme Court had answered the certified question in the affirmative we would know that there is at least a reasonable basis for predicting that plaintiffs might establish liability against the in-state defendants on those claims.

For this reason, we hold that the district court erred in denying the motion to remand. We accordingly remand the case to the district court for further proceedings consistent herewith.

REMANDED.

END OF DOCUMENT