FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY -4 PM 2: 06

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
DUVAL, J.
May 3, 2001

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOANNE DIERKER, ET AL. | CIVIL ACTION |
| VERSUS | NO. 00-0261 |
| R. J. REYNOLDS TOBACCO CO., ET AL. | SECTION "K"(5) |

A Status Conference was set in the above-styled matter; however, the Court cancelled the conference as it had met with the same counsel to discuss the same issues previously. As the Court indicated verbally at that time, it would issue a similar order as it entered in *Owens v. J.R. Reynolds,* C.A. 00-0147 "K" as the cases are in substantially the same posture with the same issue pending.

On October 3, 2000, the Court stayed this matter pending a determination in *Badon v. R.J.R. Nabisco, Inc.,* CV98-0215 (W.D.La. 4/17/98), *appeal docketed,* No. 98-30942 (5th Cir. 8/28/98). A Motion to Remand was pending at that time. A decision has issued from the Fifth Circuit, and defendants filed a Motion to Set Status Conference to discuss their belief that limited discovery should be conducted prior to the Court's ruling on the Motion to Remand. Plaintiffs contend that the

DATE OF ENTRY
MAY 04 2001

Fee_____
Process____
X /Dktd____
__/CtRmDep__
Doc.No. 23

matter should be immediately remanded based on *Badon*. The Court will treat the Motion to Set Status Conference as a Motion to re-open the case. As such,

**IT IS ORDERED** that the case is **RE-OPENED** and placed back on this Court's active docket.

As noted by Judge Clement in her recent ruling in *Virginia Ann Scott v. R.J. Reynolds Tobacco, Co., et al.*, C.A. 99-3091 entered on April 3, 2001, the Fifth Circuit has allowed limited discovery to enable essential facts to be determined concerning whether a district court has jurisdiction. *See Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 475 (5th Cir. 1985). Accordingly,

**IT IS FURTHER ORDERED** that discovery **solely** with respect to the following issues shall be allowed:

1) whether the named distributors are in fact the distributors of cigarettes to plaintiff;

2) whether the named retailer is in fact the actual retailer of cigarettes to plaintiff; and

3) whether the claims against the retailer and distributors have prescribed.

**IT IS FURTHER ORDERED** that such discovery shall conclude no later than **July 6, 2001**. Any motion to be filed based on the discovered materials shall be filed **no later than July 17, 2001 and set for hearing on August 1, 2001.**

2