UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 AUG 15 PM 12: 19

AUG 1 5 2001
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| JOANNE DIERKER, WIFE OF/AND FERDINAND M. DIERKER, CHRISTOPHER DIERKER AND SEAN DIERKER | CIVIL ACTION |
| | NO. 00-261 |
| VS. | |
| R.J. REYNOLDS TOBACCO COMPANY, BROWN & WILLIAMSON TOBACCO CORPORATION, PHILIP MORRIS, INC., QUAGLINO TOBACCO AND CANDY COMPANY, INC., GEORGE W. GROETSCH, INC. and SCHWEGMANN GIANT SUPER MARKETS, INC. | Section: K |
| | Magistrate: 5 |

\* \* \* \* \* \* \* \*

### PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Plaintiffs submit this supplemental memorandum in support of our Motion to Remand and respectfully request this court, as two other Federal Judges in similar cases have previously done, to remand this case to state Court. In <u>Cooper v. Brown & Williamson Tobacco Corp. et al</u>, No. 00-2539, Judge Berrigan remanded a tobacco case citing federal case law supporting remand. (See <u>Cooper</u> decision attached as Exhibit "A"). Also, in <u>Denise Murphy, et al. v. R.J. Reynolds Tobacco, et al.</u>, Judge Fallon remanded a similar tobacco case citing federal case law supporting remand. (See <u>Murphy</u> decision attached as Exhibit "B").

In an effort to convince this court to dismiss the Louisiana defendants, the tobacco defendants suggests that the cases have prescribed. The defendants disregard black letter

Louisiana Law which requires actual damage and injury before the time period for filing a suit begins to run.

A. **THE PRESCRIPTION PERIOD DOES NOT BEGIN TO RUN UNTIL THE PLAINTIFF SUSTAINS THE INJURY**

Prescription and its application under Louisiana law in a redhibition case is discussed in Encalade v. Coast Quality Construction Corp., 722 So.2d 244 (La. App. 5th Cir. 2000). The plaintiff in Encalade filed a redhibition lawsuit under Louisiana's redhibition statute due to a "defect" in the home he purchased. The court discussed prescription and cited the decision in Beth Israel v. Barley, Inc., where the Fourth Circuit held that:

> Prescription does not commence to run until the plaintiff has **actual or constructive knowledge of the tortious act, the damage caused** and the causal relationship between the tortious act and the damage.

579 So.2d 1066, 1072 (La.App. 4th Cir. 1991).

In an effort to defeat remand, defendants will suggest that redhibition does not require tort based damages. Defendants are wrong. Damages and injury are necessary under redhibition as outlined in Encalade. The court should be aware that redhibiton claims are generally asserted in property damage claims regarding the sale of immovable property. In a property damage case for example, the termite damage is the redhibitory defect. In that case the defect is the damage. The property defect results in a loss of value of the property.

In this case the court has to realize that the defect and the damage are two separate inquiries that do not result from each other as in the property damage scenario. The defect in this case is the toxicity of the cigarette and the addictive nature of the cigarette. Knowledge of addiction in the cigarette is not enough to trigger a lawsuit because there is no injury. The

toxicity of the cigarette is a defect that is not known until the diagnosis of the cancer. Therefore, it is not enough for these defendants to say Ms. Dierker knew she was addicted so her case prescribed. The jury must determine what is the defect? When did she become aware of the defect? When did she become aware that her injury was caused by smoking cigarettes? The jury will also have to determine whether theses defendants fraudulently concealed the addictive qualities of the cigarette. The jury will have to address whether the defendants fraudulently concealed their manipulation of the nicotine in cigarettes. These many issue will dictate whether this case may have prescribed. To decide such a fact based inquiry this early in the ligation is erroneous.

The tobacco defendants will direct this court's attention to the incorrect ruling of Judge Clement in Scott v. R.J. Reynolds (See Exhibit "C" attached) where the court refused to follow Encalade and black letter law which says no suit can be filed until injury or damage is sustained.

Judge Clement's first error was her assertion that the only "defect" plaintiffs defined in the complaint was "the addictive quality of the cigarettes," and that we were attempting to "shift our target" and claim that the toxicity of the cigarette is also the "defect." (See page 7 of the Scott judgement attached). Her findings are simply false. Plaintiffs sufficiently plead in the Scott petition and the petition in this case that both the addictive quality **and** the toxicity of the cigarette make the cigarette defective. The trier of fact should be able to resolve what the actual defect is in this case. (See ¶ 73 of Petition for Damages which incorporates ¶ 8 by reference). Plaintiffs' petition sets forth facts alleging the toxicity of the cigarette and for the court to disregard the pleadings and refuse the trier of fact of an opportunity of finding the "defect" to be the toxicity of the defect is erroneous. The toxicity of the cigarette and whether the Louisiana

3

distributors knew of this "defect" and whether the plaintiff knew and when the plaintiff may have known of the "defect" must be determined by the trier of fact after a full trial on the merits. Judge Clement's ruling that the only possible "defect" is addiction is wrong. Judge Clement's ruling that prescription began running in the mid-1970's because of addiction without any damage being sustained is wrong.

Judge Clement completely disregarded the <u>Encalade</u> decision and did not even cite it in her opinion. The test set forth in <u>Encalade</u> dictates that the prescription period does not begin to run until Ms. Dierker was diagnosed with lung cancer. While she may have become aware of the addictive quality of the cigarettes prior to her diagnosis, that alone is not enough to commence the prescription period. She must become aware of the **damages** caused by the addiction and the toxins before having to file a lawsuit. In January of 1999, she was diagnosed with lung cancer, and this is the earliest point she would have had **constructive knowledge of the defect (the toxicity and the addiction), its damages (lung cancer), and the causal link between the <u>addiction and the toxicity</u> and lung cancer.** Therefore, by the test set forth in <u>Encalade</u>, the prescription period does not commence at the time she became aware she was addicted to cigarettes, but rather when she was diagnosed with lung cancer.

The doctrine of *contra non valentem* is but one more reason this court should remand. **The prescription period does not begin to run until Ms. Dierker was diagnosed with lung cancer because she did not know nor should she have reasonably known about the cause of action until she was injured.** The doctrine prevents the running of liberative prescription in four factual situations: (1) when a legal cause of action prevented the courts from taking cognizance of the claim; (2) when some condition prevented the plaintiff from suing; (3) when a

debtor does something to prevent a creditor from suing; or (4) **when the cause of action is not known or reasonably knowable by the plaintiff.** Richardson v. Penzoil Prod. Co., 896 F.2d 919, 922 (5th Cir. 1990) (quoting Bergeron v. Pan American Assurance Co., 731 So.2d 1037, 1042 (La.Ct.App. 1999)).

The doctrine of *contra non valentem* would prevent the running of the prescription period in this case for the reasons previously discussed. The court need to look no further than the decisions in Cooper v. Brown & Williamson Tobacco Corp. et al, No. 00-2539, where Judge Berrigan remanded a tobacco case citing federal case law supporting remand and in Denise Murphy, et al. v. R.J. Reynolds Tobacco, et al. where Judge Fallon remanded a similar tobacco case. Ms. Dierker had no reason to know she had a cause of action until her diagnosis of lung cancer. The decisions in Cooper, Murphy, Encalade and Richardson, lead to the conclusion that the prescription period in this case did not begin to run until January 1999 when she was diagnosed with lung cancer.

B.  **PLAINTIFFS' REDHIBITION CLAIMS WERE TIMELY FILED**

According to the Louisiana Supreme Court, Plaintiffs had one year from the time of Ms. Dierker's death to file this lawsuit. La.C.C. Article 2315 provides that :

> The right to recover damages to property caused by the offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted or irregular heirs, subject to the community rights of the surviving spouse. The right to recover all other damages caused by an offense or quasi offense, **if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: the surviving spouse and children** or children of the deceased, or either such spouse of such child or children.

The Supreme Court in Guidry v. Theriot, interpreted Article 2315 to mean that **if the victim dies**

**within a year of injury and has not instituted a claim, the beneficiary may institute the action within one year of the death.** 377 So.2d 319, 324 (La. 1979). Furthermore, if the beneficiary should die within that year, the heirs of the beneficiary inherit the beneficiary's right to institute the victim's action. Id.

Ms. Dierker was diagnosed with lung cancer in January of 1999. According to the Supreme Court, if she died within a year of her diagnosis without having filed a claim, her beneficiaries inherited the right to institute the action within a year of her death. Her family did so. Therefore, her prescription period had not expired.

Plaintiffs also have a fraud claim under redhibition law. Pursuant to Civil Code article 2545, if these Louisiana defendants, as alleged by plaintiffs, did have knowledge that the cigarette had a known "defect" (addictive qualities and dangerous toxins), then a fraud claim could be made at trial. Under article 2545 in the comments, paragraph (a), it states that plaintiff may assert fraud claims against a seller when the requirements of article 1953 are met. Civil Code article 1953 states, "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. **Fraud may also result from silence or inaction.**" The fraud claim under the redhibition cause of action also presents contested issues of fact that must be decided by the trier of fact after all discovery has concluded. Prescription for fraud claim is not until damage (lung cancer) was sustained.

As additional support plaintiffs cite the class action filed in <u>Gloria Scott, et al. v. The American Tobacco Company, Inc.</u>, et al, which was filed in May of 1996 and an order was issued by the court interrupting all claims. (See Exhibit "D" attached). In <u>Gloria Scott</u>, all damage

6

claims, including redhibition claims, were and still are interrupted. The United States Supreme Court has held that the filing of a class action tolls the applicable statute of limitations as to all members of the putative class. <u>Factor VIII v. Alpha Therapeutic Corporation</u> 2000 WL 282787 (E.D. La. 2000) <u>citing American Pipe and Construction Company v. Utah</u> 924 S.Ct. 756 (1974) and <u>Crown, Cork & Seal Company, Inc. v. Parker</u> 103 S.Ct. 2392 (1983).[1]

In the present case, the filing of the <u>Gloria Scott, et al. v. The American Tobacco Company, Inc., et al.</u>[2] class action and subsequent class certification interrupted the statute of limitations period for all of the plaintiffs' claims. In addition, the Judgment that was read, rendered, and signed granting class certification on April 16, 1997 in <u>Scott</u> stated that, "The Court hereby reserves unto plaintiffs and members of this defined class the right to assert any claims for damages they may have sustained as a result of smoking cigarettes."[3] Therefore, any and all claims, including redhibition, breach of warranty, and wrongful death are available to

---

[1] The rationale for this holding was to avoid unnecessary repetitive filings by individuals who wanted to join the class. *Factor at 4.* Also, this rule was designed to protect the rights of putative class members who were unaware that litigation had been ostensibly filed on their behalf. *Id.*

If class certification were subsequently denied, the prescription commenced to run again. *Id.* If class certification was granted, tolling continued unless and until the absent class members were notified of the litigation and were given the opportunity to either remain in the litigation and be bound by the ultimate decision, or to opt out of the class pursue their own lawsuit. *Id.* If a class member opted out, then prescription commenced to run from that point forward. *Id.*

Tolling occurs to 'asserted class members who were unaware of the proceedings brought in their interest or who demonstrably did not rely on the institution of those proceedings.' *Id at 5, quoting, American Pipe at 765.* The *American Pipe* doctrine relieves putative class members of the requirement that they must file their own lawsuit or formally intervene in order to preserve their claims. *Factor at 6.*

[2] Civil District Court for the Parish of Orleans, Docket No. 96-8461.

[3] *Id.*

7

plaintiffs and the prescriptive period has been interrupted in regard to their claims.

In Smith v. Cutter 770 So.2d 392 (4th Cir. 2000), the Fourth Circuit affirmed the jurisprudence holding that plaintiffs' claims were not brought within a year of the tolling period that resulted from the pending class action. The filing of a class action interrupted the wrongful death claims of plaintiffs in Smith v. Cutter. Analogizing the facts of this case with the Smith v. Cutter decision, leads to prescription being interrupted for all of plaintiffs claims as set forth by the judgment rendered in Gloria Scott[4]. The Scott decision was submitted to Judge Fallon before he remanded the Denise Murphy case on the same facts as this case.

Plaintiffs also assert negligence claims against the Louisiana defendants for distributing toxic and addictive cigarettes to the plaintiff as a minor child. The Louisiana defendants can be held liable for their actions. Once again, the negligence cause of action cannot be filed until the damage (lung cancer) is sustained. Defendants entire brief fails to recognize the damage requirement as a prerequisite for the running of prescription.

C.   **PREEMPTION TO CIRCUMVENT REMAND**

In their desperate attempt to circumvent remand and delay these proceedings, the Cigarette Defendants have alleged a preemption argument which is not relevant to the specific issues before this court. In past briefings the defendants have cited for this Court Cippillone v. Liggett Group Inc., 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). Defendants cite Cippillone in support of their position that the Louisiana distributors and retailers and tobacco manufactures cannot be sued for their failure to warn or conceal or for their concealment of the risks associated with tobacco use. Under Louisiana Law when a thing is sold containing a

---

[4]*Id.*

redhibitory defect, the manufacturer and seller, including all sellers in the chain of sales are solidarily liable. <u>Womack and Adcock v. 3M Business Products Sales, Inc.</u>, 316 So.2d 795 (La.App 1st Cir. 1975); <u>Media Production Consultants Inc. v. Mercedes-Benz of North America, Inc.</u>, 262 La. 80, 262 So.2d 377 (La. 1972).

An important factor for this court to be aware of is that the Federal Cigarette Labeling and Advertising Act was passed in 1966 and that Act required the following text on all packages of cigarettes:

> CAUTION, CIGARETTE SMOKING MAY BE HAZARDOUS TO YOUR HEALTH.

Because the 1966 Federal Cigarette Labeling and Advertising Act did not contain a preemptive provision, common law attacks on the adequacy of the warning is permissible. However, in 1969, federal law changed and required a substitute warning which stated as follows:

> WARNING, THE SURGEON GENERAL HAS DETERMINED THAT CIGARETTE SMOKING IS DANGEROUS TO YOUR HEALTH.

The 1969 Federal Law that changed the warning preempted state law claims on the adequacy of the warning labels. It is important for this court to be aware that while no state law claims can be made regarding the adequacy of the warning labels, the preemption does not apply to any product defect claims, express warranty claims, misrepresentation claims, fraud claims, conspiracy, and most importantly <u>redhibition</u> claims. These claims were never preempted by the <u>Cippillone</u> decision and plaintiff cites the following excerpt from <u>Cippillone</u>:

> Thus, insofar as claims under either failure to warn theory require a showing that respondents post 1969 advertising and promotions should have included additional, or more clearly stated, warnings, that those are preempted. The Act **does not, however, preempt petitioner's claims that rely solely on respondent's testing or research practices or other actions unrelated to**

**advertising or promotions.**

Cippilone v. Liggett Group Inc., 112 S.Ct. at 2621-2622.

## REDHIBITION CLAIMS ARE NOT PREEMPTED

In their opposition brief, the Defendants state that Plaintiffs' redhibition claims have been preempted based on Federal Law and the Cipollone decision. Id. However, the Defendants' have not only incorrectly applied the Cipollone holding as it relates to preemption, but they have taken a position that is in direct contradiction to current case law.

In Castano et al. v. The American Tobacco Co., et al, a tobacco class action filed on behalf of nicotine dependent persons in the United States, the Defendants made the identical argument that redhibition claims were preempted under Federal Law. 870 F. Supp 1425 (E.D. La. 1994). The court squarely rejected this argument, holding that redhibition claims are not preempted, and that Cipollone makes clear that only **failure to warn** claims are preempted under Federal Law. Castano at 1434. The central issue is the defect in the product(redhibition), not the adequacy of the warnings(failure to warn).

Other cases involving redhibition and preemption have produced the same results as Castano. Id. In Deshotel v. Rhone-Poulenc, Inc, a farmer brought an action against a manufacturing company for producing a defective pesticide. 969 F. Supp 397 (W.D. La. 1997). The Defendants in that case argued that redhibition claims were preempted by the Federal Insecticide, Fungicide, and Rodentcide Act(FIFRA). The Federal Act in Deshotel was similar to the Federal Cigarette Labeling Act in the present case in that the crux of Act centered around labeling. Id. The court held that, "...[T]he redhibition claim is not label-based, for instance if it is based on a manufacturing defect and a remedy would not 'impose or effect a labeling

requirement,' FIFRA preemption does not apply." Deshotel at 402. See also, AllState Insurance Company v. Spectrum Group (E.D. La. 1998).

### DEFENDANTS CONFUSE REDHIBITION WITH FAILURE TO WARN CLAIMS

Defendants suggests that redhibition is nothing more than a failure to warn claim and therefore preemption applies. This attempt by the defendants is misleading in many respects. Initially, the redhibition statute specifically sets forth a distinction between a good faith seller and a bad faith seller. If we assume hypothetically that Louisiana defendants sufficiently warned of a redhibitory defect then they may be classified a good faith seller and the tobacco manufactures may be the bad faith sellers but that does not do away with the redhibition claim. Certainly, it would be a complete misapplication of Cippilone to say that case applied to a redhibition cause of action that is based on the "defect" which in this case is the addictive nature of the cigarette and the toxicity of the cigarette. In order for the preemption arguments to apply, this court would have to find that plaintiff's redhibition claim is based on advertising or promotions. Redhibition has nothing to do with advertising or promotion. Instead, redhibition is a principle of law that protects buyers of products with a defect. The warning is not an issue. If the product has a defect and the jury decides that the plaintiff would not have purchased the cigarette with knowledge of the defect then plaintiff wins.

Defendant admit that the preemption analysis must proceed on a claim-by-claim basis because the court "must look to each of [plaintiffs claims] to determine whether it is fact preempted." 505 U.S. at 523. The facts pertinent to this inquiry is but one contested issue of fact which must be resolved at the conclusion of discovery. The redhibition claim is a factual determination based on many factors and will involve extensive inquiry into the knowledge of

the parties. The failure to warn is of no issue as a matter of law. If a defect exists then the buyer has a claim if she would not have purchased the cigarette with knowledge of the defect. Plaintiff will prove the defect and the fact that plaintiff would not have purchased the cigarette with knowledge of the defect. Defendants suggest plaintiff already knew of the defect and bought the cigarette anyway. This is not true and facts supporting this contention has not been established. Plaintiff may have had no knowledge of the toxicity of the cigarette. If she acquired that knowledge that facts will have to be established when she had the knowledge. Only after these contested issues are resolved will defendants be able to show plaintiff would have still purchased the cigarette and then plaintiff will lose. That entire sequence as outlined by counsel will only occur after all discovery has concluded. Additionally, no where in plaintiffs analysis does the issue of labeling, advertising or promotion become an issue. The only issue is whether plaintiff would have purchased the cigarette knowing of the defect. The warning may be more than adequate but if plaintiff could not read it wouldn't matter.

    Plaintiff can prove his redhibition claim and breach of warranty claim to the trier of fact without one suggestion the these defendants failed to warn. Plaintiff will prove 1) the cigarette contained a defect or vice and 2) that plaintiff would not have purchased the cigarette had he known of the defect. The state law claims of redhibition and breach of warranty are unrelated to labeling, advertising or promotion. The adequacy of the warning is not an issue because the warning is not the defect. The defect is the addictive qualities and toxicity of the cigarette. The warning in question did not address the hidden defect of the cigarette. No warning ever discussed addiction or toxins. Plaintiff does not have to show the warning was inadequate. The adequacy of the warning does not matter under statute the defect in the product matters.

However novel the defendants arguments become, it will not change the fact that Louisiana defendants will proceed to trial for their responsibilities under the law.

Finally, defendants have attempted to convince the court that the United State Supreme Court in <u>FDA v. Brown & Williamson</u>, 529 U.S. 120 (2000) holds that federal law preempts state law redhibition claims. They now suggest that because cigarettes are legal, distributors and retailers should be allowed to sell them without any responsibility for resulting injuries. Neither the United States Supreme Court nor Congress envisioned that the FDA ruling that a cigarette was not a drug that fits within the regulatory scheme of the FDCA would extend to preventing the states from holding companies civilly liable for damage they cause in selling what the defendants only sometimes admit is a known dangerous drug (tobacco).

Please do justice and remand this case immediately as did Judge Berrigan in <u>Cooper</u> and Judge Fallon in <u>Murphy</u>.

### D. **CONCLUSION**

In summary, plaintiff was a minor when she purchased cigarettes from Louisiana distributors and retailers. The Louisiana distributors and retailers had a duty not to sell a known dangerous and addictive drug to a minor child. They are liable for such acts of negligence. Furthermore, the Fifth Circuit in <u>Badon</u> 236 F.3d at 286 concluded that, "there is arguably a reasonable basis for predicting that plaintiffs might establish redhibition or article 2475 liability against the Louisiana wholesalers under Louisiana law..." Considering this suit was filed within the time periods allowed under Louisiana law, this case should proceed in state court. The Louisiana defendants should not be dismissed as the suit was timely filed.

Plaintiffs respectfully move this Honorable Court to remand this case to state court.

DATED THIS _15th_ day of _August_, 2001.

                                        Respectfully submitted,

                                        MURRAY LAW FIRM
                                        STEPHEN B. MURRAY (9858)
                                        PERRY M. NICOSIA (21777)
                                        909 Poydras Street
                                        Suite 2550
                                        New Orleans, LA 70112
                                        Telephone: (504) 525-8100

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing Supplemental Memorandum in Support of Motion to Remand has been served upon all counsel of record by U. S. mail this _15th_ day of _August_, 2001.

                                        PERRY M. NICOSIA

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**