

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2001 SEP 18 A 9: 25
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| JOANNE DIERKER, WIFE OF/AND | * | CIVIL ACTION |
| FERDINAND M. DIERKER, | * | NO. 00-261 |
| CHRISTOPHER DIERKER AND | * | |
| SEAN DIERKER | * | |
| | * | |
| VERSUS | * | SECTION: "K" |
| | * | |
| R.J. REYNOLDS TOBACCO | * | MAGISTRATE: 5 |
| COMPANY, ET AL | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' RESPONSE TO PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Plaintiffs' reply memorandum is nothing more than an attempt to confuse and confound the record in hopes that this Court will throw up its hands and conclude that Defendants have not met their burden of proof. Plaintiffs' strategy fails because the law and the unrebutted facts, obtained from Plaintiffs' own sworn testimony, establishes that Mrs. Dierker was aware of the product defect sued upon no later than the early 1990s.[1] Therefore, Defendants have met their burden of proving that Plaintiffs' redhibition claim against the Louisiana Defendants has long-since prescribed.

1. **THE CIVIL CODE IS CRYSTAL CLEAR THAT REDHIBITION CLAIMS DO NOT REQUIRE TORT-BASED "DAMAGES" OR "INJURY" FOR PRESCRIPTION TO COMMENCE.**

Plaintiffs continue in their reply to assert that damages and injury are required under Louisiana law to begin the running of prescription for their redhibition claims against the Louisiana Defendants. Plaintiffs' contention flies in the face of the plain

---

[1] See Defendants' Supplemental Memorandum in Opposition to Motion to Remand at pp. 9-13 for full discussion of Plaintiffs' testimony establishing prescription.

Fee_____
Process___
X Dktd____
___CtRmDep___
Doc.No.___

language of La. Civ. Code articles 2520 and 2534, which define both the redhibition claim and its prescriptive period. Remarkably, Plaintiffs have yet to even cite the Code in their supplemental remand briefing.

Instead, Plaintiffs once again turn to <u>Encalade v. Coast Quality Constr. Corp.</u> 772 So. 2d 244 (La. App. 5th Cir. 2000) as support for their argument that damages or injury are required to commence prescription for a redhibition claim. Plaintiffs' reliance on <u>Encalade</u>, however, continues to be misplaced, and the Plaintiffs' analysis of <u>Encalade</u> is both incomplete and inaccurate.

First, <u>Encalade</u> is not the test and indeed could never be the test for when prescription begins to run in a redhibition claim. Why? Because there is a statute that directly addresses when prescription begins to run for redhibition purposes.

> **Art. 2594    Prescription**
>
> A. (1)  The action for redhibition against a seller who did not
>         know of the existence of a defect in the thing sold prescribes
>         in four years from the day delivery of such thing was made to
>         the buyer or one year from the day the <u>defect was discovered</u>
>         by the buyer, whichever occurs first.

Louisiana Civil Code Article 2534 (A)(1) (emphasis added).

Recently, the Louisiana Supreme Court confirmed that which has always been the law of Louisiana; courts cannot rewrite the statutory law of prescription or any other statutory law:

> We have consistently held that the starting point in interpreting any statute is the language of the statute itself. *Theriot v. Midland Risk Ins., Co.,* 95-2895 (La.5/20/97), 694, So.2d 184; *Touchard v. Williams,* 617 So.2d 885 (La.1993). Where a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written without further interpretation in search of legislative intent. La. Civ. Code art. 9; *New Orleans Rosenbush Claims Serv., Inc. v. City of New Orleans,* 94-2223 (La.4/10/95), 653 So. 2d 38; *Moore v Gencop, Inc.,* 93-0814 (La.3/22/94),

633 So.2d 1268. Courts are not free to rewrite laws to effect a purpose that is not otherwise expressed. *White v. Wal-Mart Stores, Inc.*, 97-0393 (La.9/9/97), 699 So.2d 1081.

Cacamo v. Liberty Mutual Fire Ins. Co., 764 So. 2d 41, 44 (La. 2000)   Thus, if the Plaintiffs' "interpretation" of the Encalade decision is to be believed, i.e. Louisiana law requires damages to begin the running of prescription on a redhibition claim, Encalade cannot be followed as it is at direct odds with the clear and unambiguous language of Article 2534, which states that prescription begins to run upon discovery of the defect. There can be no question that the language of Article 2534 is clear and unambiguous, and needs no construction from Plaintiffs here or from the Encalade court.

Second, although the Encalade opinion is confusing in parts, the court, following the Louisiana Civil Code, found prescription to run on the redhibition claim from knowledge of the defect.[2]  Despite its passing reference to "tortious conduct" and "damages," the Encalade court *did not*, as Plaintiffs incorrectly indicated at p. 2 of their Reply, find that knowledge of the redhibitory defect was "not enough" to trigger the running of prescription. On the contrary, the Encalade court specifically recognized that "[p]rescription does not commence in such cases until the purchaser <u>discovers the defect</u>," Encalade, 579 So.2d at 247 (emphasis added). The court's decision *did not* turn on the accumulation of damage, as Plaintiffs would have this Court believe.  See Defendants' full Encalade discussion at pp. 3-4 of Defendants' Supplemental Memorandum in Opposition to Motion to Remand.

---

[2]   Plaintiffs have now submitted for the Court's consideration the Magistrate Judge's Report of U.S. Magistrate Judge Docia L. Dalby in the case of <u>Martin v. Philip Morris Incorporated, et al.</u>, No. 99-799-B-M3 (M.D. La. 2001).  Magistrate Dalby based her report on plaintiffs' interpretation of Encalade, which Defendants have already established is misplaced.  As Judge Polozola has not yet conducted his de novo review of the magistrate's recommendations and, based upon defendants' written objections to the report, will have good cause to correct this error, the magistrate's report should not be relied upon by this Court.

428787.1                                           3

2.  **CONCLUSION: THE PLAINTIFFS' CLAIMS AGAINST THE LOUISIANA DEFENDANTS ARE PRESCRIBED.**

There can be no question that the plain language of Article 2534 on prescription is clear and unambiguous, and needs no construction from Plaintiffs or from the Encalade court. The facts of this case also are clear and lead to but one conclusion: Plaintiffs' redhibition claims are prescribed. The one-year prescriptive period commenced when Mrs. Dierker became aware of the alleged defect in cigarettes (addiction), and Plaintiff's unrebutted testimony that this happened years prior to the filing of this lawsuit. See full factual discussion at pp. 8-16 of Defendants' Supplemental Memorandum in Opposition to Motion to Remand. There is no disputed issue of fact or law on this matter and Plaintiffs' motion to remand should be denied.

Respectfully submitted,

ADAMS and REESE LLP

_____
Charles F. Gay, Jr., T.A., #5990
Deborah B. Rouen, #2084
Lara E. White, #23366
4500 One Shell Square
New Orleans, LA 70139
Telephone: (504) 581-3234
*Attorneys for Defendant, Philip Morris Incorporated*

_____
Phillip A. Wittman, (#13625)
Stephen H. Kupperman, T.A., (#7890)
Dorothy H. Wimberly, (#18509)
STONE, PIGMAN, WALTHER, WITTMANN
& HUTCHINSON, L.L.P.
546 Carondelet Street
New Orleans, LA 70130
*Attorneys for R.J. Reynolds Tobacco Company*

428787.1                                    4

*Peter J. Rotolo III*
_____
Carmelite M. Bertaut, (3054)
William F. Grace Jr. (#6199)
Peter J. Rotolo III, (#21848)
**CHAFFE, MCCALL, PHILLIPS, TOLER & SARPY, LLP**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
*Attorneys for Brown & Williamson Tobacco Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been sent to all counsel by hand, by telecopier, and / or by placing same in the U.S. Mail, postage pre-paid, this 17th day of September, 2001.

*Lara E. White*
_____
LARA E. WHITE

428787.1                    5